FILED & JUDGMENT ENTERED
Steven T. Salata

Oct 24 2012

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
J. Craig Whitley
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division**

| | |
|---|---|
| **In re:** | )<br>) Case No. 09-30556<br>) Chapter 7 |
| BRIAN WILLIAM HILBRANT and<br>SHANNON MICHELLE HILBRANT, | |
| Debtors. | |
| JOSEPH FAZZARI, et al., | **Adversary Proceeding**<br>**No. 09-3091** |
| Plaintiffs, | |
| v. | Consolidated with:<br>Adv. Proc. No. 09-3183;<br>Adv. Proc. No. 09-3142; and<br>Adv. Proc. No. 09-3145 |
| BRIAN WILLIAM HILBRANT, | |
| Defendant. | |

**ORDER GRANTING DEFENDANT C. ASHLEY CAMPBELL'S MOTION FOR
SUMMARY JUDGMENT AND PARTIALLY GRANTING DEFENDANT
JAMES C. POAG'S MOTION FOR SUMMARY JUDGMENT**

THIS MATTER is before the Court upon Defendant C. Ashley Campbell's ("Campbell") and James C. Poag's ("Poag") Motions for Summary Judgment. A hearing on this matter was held on September 21, 2012. Marcus S. McGee and Mark E. Abraham represented the Plaintiffs. The Defendants appeared *pro se*.

1

## PROCEDURAL HISTORY

Plaintiffs filed individual adversary proceedings against Campbell and Poag on June 15, 2009 objecting to dischargeability. Plaintiffs asserted twelve (12) causes of actions against Poag and Campbell, including Securities violations and multiple counts of fraud and other wrongdoings. The Court ordered the cases to be consolidated on March 5, 2012. Campbell and Poag filed the present motions on June 25, 2012 and June 27, 2012 respectively.

At a hearing on September 21, 2012, the following causes of action were dismissed without objection: Count II: Denial of Dischargeability Pursuant to 11 U.S.C. §523(a)(19), Count IV: Failure to Register a Security, Count V: Securities Fraud, Count VI: Violation of the North Carolina Investment Advisors Act, and Count X: Conversion.

The following counts remain: Count I: Denial of Dischargeability pursuant to 11 U.S.C. §523(a)(2)(A), Count III: Denial of Dischargeability pursuant to 11 USC §523(a)(6), Count VII: Common Law Fraud, Count VIII: Fraud in the Inducement, Count IX: Negligent Representation, Count XI: Violation of the Unfair and Deceptive Trade Practice Act, and Count XII: Civil Conspiracy.

## HOLDING

Having considered these matters, the Court **DISMISSES** Count II: Denial of Dischargeability Pursuant to 11 U.S.C. §523(a)(19), Count IV: Failure to Register a Security, Count V: Securities Fraud, Count VI: Violation of the North Carolina Investment Advisors Act, and Count X: Conversion.

2

The Court **GRANTS** Defendant Campbell's Motion for Summary Judgment as to all counts.

The Court **GRANTS** Defendant Poag's Motion for Summary Judgment on Count IX: Negligent Representation and Count XII: Civil Conspiracy.

The Court **DENIES** Defendant Poag's Motion for Summary Judgment on Count I, Denial of Dischargeability pursuant to 11 USC §523(a)(2)(A), Count III: Denial of Dischargeability for "willful and malicious injury" pursuant to 11 U.S.C. §523(a)(6), Count VII: Common Law Fraud, Count VIII: Fraud in the Inducement, and Count XI: Unfair and Deceptive Trade Practices.

**FACTS**

This adversary proceeding is a sub-part of a much larger litigation involving multiple parties. The overall facts do not need to be repeated here. Only the salient facts impacting this present order are recited below.

Blue River Ridge at Blowing Rock LLC ("BRR") was formed by two entities, Peerless and Source One, to purchase, own, and develop two adjacent parcels in Caldwell County, which came to be known as Grandfather Vistas of Blowing Rock. ("GFV")

In or about spring 2006, the Developer proposed a "Founders Lot Program" as a means for financing the development of the project. It entailed the offer of approximately sixty (60) ten-acre founders lots for sale. Investors were offered the right to purchase a ten-acre tract at GFV for the price of $500,000 with a contracted repurchase of $625,000 and a fixed-term of twelve months. Anthony Porter and Skip Amelung, who purportedly had a collective net worth of nearly $100 million, guaranteed this repurchase

3

obligation. The proceeds from the sales were to be used to generate the funds necessary to purchase the remaining property in the overall GFV project and to fund the infrastructure necessary to develop approximately 600 one-acre residential lots, including various amenities that the Developer promised prospective purchasers.

In early 2006, the owners of GFV approached Infinity Real Estate Partners, a NC Licensed Real Estate Brokerage and subsidiary of Infinity Partners, (collectively "Infinity") about selling lots in GFV on a non-exclusive basis. Infinity agreed to market the Founders Program lots in GFV and began marketing in April of 2006. Infinity released a brochure dated April 19, 2006 outlining the program.

Campbell and Poag both have ownership interests in Infinity entities. Poag was a licensed real estate broker and the broker-in-charge of Infinity during the time it was marketing GFV. He also held a ten percent (10%) interest in Infinity Partners. Campbell was a founding member of Infinity Partners and held a forty percent (40%) interest. Infinity Real Estate Partners was wholly owned by Infinity Partners.

At the time of Plaintiffs' investment in the GFV project, the Developer was involved in several other projects that were struggling financially. After the sale of the GFV lots, the Developer ceased sales, marketing, and development activities for GFV. The buybacks were never honored and GFV was never developed beyond a few roads.

**LEGAL STANDARD**

Summary judgment is appropriate under Rule 7056 of the Federal Rules of Bankruptcy Procedure and Rule 56 of the Federal Rules Civil Procedure when the pleadings, depositions, answers to interrogatories, and admissions on file, together with

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, (1986). A party is entitled to summary judgment when the evidence, viewed in the light most favorable to the party against whom summary judgment is sought, could not lead a rational fact finder to find for the non-moving party, and the opposing party does not produce sufficient evidence to demonstrate a genuine, dispositive issue exists for trial. *Id.* at 322-24.

## DISCUSSION

**I. This Court GRANTS Campbell's Motion for Summary Judgment as to all counts.**

Plaintiffs have not presented the requisite factual information through their pleadings, depositions, answers to interrogatories, together with affidavits, if any, to support their claims against Campbell. The claims against Campbell, even after discovery, are conclusory and lack specificity as called for by the Federal Rules of Civil Procedure Rule 9(b).

The only basis Plaintiffs have for pursuing claims against Campbell is in his role as a forty percent (40%) owner of Infinity Partners. The NC Limited Liability Company Act, codified at Chapter 57C of the NCGS clearly limits the liability of members of an LLC to their own acts. NCGS §57C-C-30(a) provides:

> A person who is a member, manager, director, executive, or any combination thereof of a limited liability company is not liable for the obligations of a limited liability company solely by reason of being a member, manager, director, or executive and does not become so by participating, in whatever capacity, in the management or control of the business. A member, manager, director, or executive may, however, become personally liable by reason of that person's own acts or conduct.

Plaintiffs attempt to establish wrongdoing of Campbell through the alleged actions of Infinity. Plaintiffs' complaint against Campbell vaguely refers to "Debtor and State Court Defendants." *See* Pls' Compl., ECF No. 1. Plaintiffs' response to Campbell's motion for summary judgment refers to "Mr. Campbell and Mr. Poag" collectively. *See* Pls.' Br. in Opp'n to Def.'s Mot. For Summ. J., ECF No. 91. None of the claims asserted are specific to Mr. Campbell. Without more, Plaintiffs' claims against Campbell fail as a matter of law.

Plaintiffs also state that Campbell owes them a fiduciary duty. While it is recognized that real estate agents and brokers have fiduciary duties, Campbell is not a real estate agent or broker. Plaintiffs point to no case law to support that a shareholder and owner of a real estate marking company owes such a duty.

In sum, Plaintiffs have failed to produce enough evidence to enable them to obtain a judgment in their favor against Campbell. Thus, this Court GRANTS Campbell's Motion for Summary Judgment.

**II. This Court GRANTS Poag's Motion for Summary Judgment on Count IX: Negligent Representation and Count XII: Civil Conspiracy.**

The Court grants Poag's Motion for Summary Judgment on Count IX: Negligent Representation. 11 U.S.C. §523(a)(6) does not provide for the denial of dischargeability based on negligent activity. The Supreme Court held in *Kawaauhau v. Geiger* that, "the word 'willful' in (a)(6) modifies the word 'injury' indicating that nondischargeability takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads

to injury." 523 U.S. 57, 60 (1998). The claim that Poag's debt is nondischargeable due to negligent misrepresentation is not supported by law.

The Court also grants summary judgment on Count VIII: Civil Conspiracy. Civil conspiracy is defined as a combination of two or more persons by an agreement or understanding to accomplish an unlawful act or to use unlawful means to accomplish an act not in itself illegal resulting in damage to the plaintiff. *Davenport v. NC Dept. of Transp.* 776 F. Supp. 1080, 1088 (E.D.N.C. 1991). Plaintiff must show that the object of the agreement is either an unlawful act or a lawful act to be accomplished by unlawful means. *Id.* North Carolina courts have acknowledged that it is permissible to use circumstantial evidence to establish the elements of a conspiracy. *Id.* at 1089.

In this case, Plaintiffs' claim for civil conspiracy necessarily fails because only one defendant, Poag, is left. Civil conspiracy, at a minimum, involves two people. *See Evans v. Star GMC Sales & Service, Inc.*, 268 N.C. 544, 546-46, 151 S.E.2d 69, 71 (1966) (holding that where the first defendant was eliminated, the claim for conspiracy against the second defendant failed since two or more people are necessary to constitute a conspiracy.) Furthermore, although the Plaintiffs may prove elements of conspiracy with circumstantial evidence, they still have not produced enough evidence against Poag to justify submission of this claim to the jury.

Therefore, this Court GRANTS Poag's Motion for Summary Judgment on Counts IX and XII.

**III. This Court DENIES Poag's Motion for Summary Judgment on Count I, Denial of Dischargeability pursuant to 11 USC §523(a)(2)(A), Count III: Denial of Dischargeability for "willful and malicious injury" pursuant to 11 U.S.C. §523(a)(6), Count VII: Common Law Fraud, Count VIII: Fraud in the Inducement, and Count XI: Unfair and Deceptive Trade Practices.**

*A. The Court DENIES Summary Judgment on Count I: Denial of Dischargeability pursuant to 11 USC § 523(a)(2)(A), Count VII: Common Law Fraud, and Count VIII: Fraud in the Inducement.*

Under 11 USC §523(a)(2)(A), a debtor's debts for money obtained by "false pretenses, a false representation, or actual fraud" are not dischargeable as a result of his bankruptcy. The Fourth Circuit has observed that the purpose of this exception is "to protect creditors who were tricked by debtors into loaning them money or giving them property, services, or credit through fraudulent means." *Nunnery v. Rountree (In re Rountree),* 478 F.3d 215, 219-20 (4th Cir. 2007). This exception includes all liability arising from fraud, including punitive damages. *See Cohen v. DelaCruz*, 523 U.S. 213, 223 (1998).

To prove a claim for actual fraud, a plaintiff must show the following essential elements: a "(1) [f]alse representation or concealment of a past or existing material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party." *In re Ross*, 2012 WL 3987861, at *9 (Bankr. W.D.N.C. 2012) (*citing Whisnant v. Carolina Farm Credit*, 204 N.C. App. 84, 94 (2010)).

Plaintiffs' claims for actual fraud against Poag primarily arise from his failure to disclose, or the "concealment of a past or existing material fact." Specifically, Plaintiffs allege that Poag failed to disclose: (1) that he and Infinity Partners made direct loans to the Developers, (2) that the Developers were in financial distress and not likely to

8

perform on the guarantees, (3) that the Developers were improperly diverting funds to other projects, (3) that the Developers were switching Plaintiffs' lots to less desirable locations, and (4) that the Developer was not timely recording deeds. *See* Pls.' Br. in Opp'n to Def.'s Mot. For Summ. J. 9-10, ECF No. 91.

When parties are in a fiduciary relationship, a duty to disclose arises. *Spanish Moss, LLC v. Wachovia,* 2012 WL 380000, at *6 (N.C. App. 2012). It is well settled that a broker representing a purchaser or seller in the purchase or sale of property owes a fiduciary duty to his client. *Sutton v. Driver,* 712 S.E.2d 318, 323 (N.C. App. 2011). This duty requires a real estate broker "to make full and truthful disclosure of all known or discoverable facts likely to affect the client. And, the client may rely upon the broker to comply with this duty and forego his or her own investigation." *Id.* (*citing Brown v. Roth*, 133 N.C. App. 52, 54-55; 514 S.E.2d 294, 296 (1999)).

In this case, Poag was the broker in charge of the GFV project. *See* Poag Dep. 12, lines 1-15, Ex. B to ECF No. 91. He therefore had a duty to disclose all known or discoverable facts likely to affect his purchaser clients. There are genuine issues of material fact regarding what Poag knew and when, what he should have known or discovered, what he should have said, whether the information not disclosed was material to the Plaintiffs, and the extent of Plaintiffs' damages. These determinations should be reserved for a finder of fact.

9

### B. The Court DENIES Poag's Motion for Summary Judgment on Count III: 11 U.S.C. §523(a)(6) Denial of Dischargeability for "Willful and Malicious Injury."

To support a claim for nondischargeability pursuant to the willful and malicious injury exception contained in 11 U.S.C. § 523(a)(6), a plaintiff must show that the debtor acted with substantial certainty that harm would result or a subjective motive to cause harm. *In re Watkins*, 2011 WL 5101751, at *2 (Bankr. W.D.N.C. 2011).

Once again, whether Poag acted with substantial certainty that harm would result or with a subjective motive to cause harm is a question of fact that is reserved for trial.

### C. The Court DENIES Poag's Motion for Summary Judgment on Count XI: Unfair and Deceptive Trade Practices.

To set out a claim for unfair and deceptive trade practices, a plaintiff must allege, "(1) defendant has committed unfair or deceptive acts or practices; (2) defendant's conduct was in commerce or affected commerce; and (3) defendant's conduct caused injury to plaintiff." *Norman v. Nash Johnson & Sons' Farms, Inc.,* 140 N.C. App. 390, 417, 537 S.E.2d 248, 266 (2000). "Whether an act is an unfair or deceptive practice is a question of law for the court." *Songwooyarn Trading Co., Ltd. v. Sox Eleven, Inc.*, 714 S.E.2d 162, 167 (N.C. App. 2011). North Carolina courts have held that a plaintiff who proves fraud may thereby establish that an unfair or deceptive trade practice occurred. *See, e.g., Davis v. Sellers*, 115 N.C. App. 1, 9, 443 S.E.2d 879, 884, *disc. review denied*, 339 N.C. 610, 454 S.E.2d 248 (1995).

Here, because the Court is allowing Plaintiffs' fraud claim against Poag to proceed, it must also allow Plaintiffs' claim for Unfair and Deceptive Trade Practices to proceed as well.

10

## CONCLUSION

**THEREFORE,** the Court **DISMISSES** Count II: Denial of Dischargeability Pursuant to 11 U.S.C. §523(a)(19), Count IV: Failure to Register a Security, Count V: Securities Fraud, Count VI: Violation of the North Carolina Investment Advisors Act, and Count X: Conversion.

The Court **GRANTS** Defendant Campbell's Motion for Summary Judgment as to all counts.

The Court **GRANTS** Defendant Poag's Motion for Summary Judgment on Count IX: Negligent Representation and Count XII: Civil Conspiracy.

The Court **DENIES** Poag's Motion for Summary Judgment on Count I: Denial of Dischargeability pursuant to 11 USC §523(a)(2)(A), Count III: Denial of Dischargeability for "willful and malicious injury" pursuant to 11 U.S.C. §523(a)(6), Count VII: Common Law Fraud, Count VIII: Fraud in the Inducement, and Count XI: Unfair and Deceptive Trade Practices.

**IT IS FURTHER ORDERED** that the Clerk shall set this matter for trial.

**SO ORDERED.**

**This Order has been signed electronically.**           **United States Bankruptcy Court**
**The judge's signature and court's seal**
**appear at the top of the Order.**